IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIE C. NEDER,                        Case No. 1:14-cv-00282-TC
                                       OPINION AND ORDER
       Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

       Defendant.

_____

COFFIN, Magistrate Judge:

    This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner denying plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

1 - OPINION AND ORDER

## Background

On June 12, 2009, plaintiff protectively filed applications for DIB and SSI, alleging disability as of that date. Tr. 20, 158, 165-67. Both claims were denied initially and on reconsideration, and plaintiff requested a hearing regarding her DIB application. Plaintiff subsequently filed another SSI application and alleged disability as of June 23, 2011. Tr. 178. On December 29, 2011, plaintiff appeared unrepresented before an Administrative Law Judge (ALJ), who continued the hearing to allow plaintiff to obtain representation. Tr. 21, 41-51. On April 24, 2012, plaintiff appeared with her attorney and testified before the ALJ. Tr. 52-91. No other witness testified.

After the hearing, the ALJ sought further evidence and referred plaintiff for a consultative neurological examination; the ALJ also reopened plaintiff's prior SSI application. Tr. 21. On September 14, 2012, the ALJ issued a written decision finding plaintiff not disabled because she could perform her past relevant work as a chiropractic assistant. Tr. 20-34. Plaintiff then sought review from the Appeals Council and submitted additional medical evidence. Tr. 1-6. The Appeals Council considered the supplemental evidence but denied review, rendering the ALJ's decision as the final decision of the Commissioner. Plaintiff now seeks judicial review.

2 – OPINION AND ORDER

## Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## Commissioner's Decision

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected…to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential

3 - OPINION AND ORDER

process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since her alleged onset date. Tr. 24; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that plaintiff had severe impairments of "non-Hodgkins' lymphoma and status post chemotherapy treatment for same with residual bilateral upper and lower extremity neuropathy likely secondary to chemotherapy." Tr. 24; 20 C.F.R. §§ 404.1520(c), 416.920(c). However, the ALJ found that her impairments did not meet or equal a "number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; Tr. 26; 20 C.F.R. §§ 404.1520(d), 416.920(d).

The ALJ then determined that plaintiff had the residual functional capacity (RFC) to perform a reduced range of light work with certain restrictions. Tr. 27; 20 C.F.R. §§ 404.1520(e), 416.920(e). Specifically, the ALJ found that plaintiff "can lift and/or carry 20 pounds occasionally and 10 pounds frequently, can stand and walk for four hours cumulatively in an eight-hour workday, and can sit for four hours in an eight-hour workday." Tr. 27. The ALJ also found that

4 - OPINION AND ORDER

plaintiff "can occasionally perform overhead reaching," "frequently perform handling, fingering, feeling, pushing, pulling, and all other reaching activities." Tr. 27. The ALJ also made additional RFC findings regarding plaintiff's ability to work in certain environments. Tr. 27.

Based on this RFC finding, at step four the ALJ found that plaintiff was able to perform her past relevant work as chiropractic assistant "as it was actually performed by her." Tr. 32-33; 20 C.F.R. §§ 404.1520(f), 416.920(f). Therefore, the ALJ did not proceed to step five and found plaintiff not disabled under the Act.

## Discussion

Plaintiff alleges numerous errors by the ALJ. First, plaintiff argues that the ALJ failed to provide legally sufficient reasons to accept the opinion of an examining physician, Dr. Dossey, while rejecting the opinions of plaintiff's treating physicians, Drs. Moline and Kohler. Plaintiff also argues that the supplemental medical evidence submitted to the Appeals Council undermines the ALJ's assessment of the medical evidence. Second, plaintiff argues that the ALJ improperly rejected her subjective complaints regarding her neuropathy, fatigue, and pain. Third, plaintiff argues that the ALJ improperly rejected the lay opinion of her friend, Mr.

5 - OPINION AND ORDER

Tedrow. Fourth, plaintiff argues that the ALJ erred by failing to elicit vocational expert (VE) testimony regarding her ability to perform her past work at step four. I find that the ALJ erred at step four and that remand for further administrative proceedings is required.

Plaintiff argues the ALJ was required to obtain testimony from a vocational expert to determine whether plaintiff's non-exertional limitations - presumably neuropathic symptoms, pain and fatigue - affected her ability to perform her past relevant work. Defendant responds that plaintiff bears the burden of establishing the inability to perform past relevant work at step four, and that vocational expert testimony is not required to determine whether plaintiff was able to perform her past relevant work as it was actually performed.

Defendant is correct that the Ninth Circuit does not require VE testimony at step four in all instances. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (if plaintiff cannot show the inability to perform past relevant work at step four, a vocational expert's testimony, though "useful, [is] not required."); see also 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) ("We may use… vocational experts… to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."). Defendant is also

correct that plaintiff bears the burden of proving disability through step four. Nonetheless, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).

To do so, the ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Id. at 845 (citing SSR 82-62). To support a finding that a plaintiff can perform past relevant work, the plaintiff "must be able to perform" the "actual functional demands and job duties of a particular past relevant job," or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." Id. (citing SSR 82-61). In other words, the ALJ must make specific findings that a plaintiff can perform her past relevant work as it is "actually" performed or as it is "generally" performed.

The ALJ found that plaintiff could perform her past relevant work as it is actually performed; the ALJ made no finding that plaintiff could perform her past work as it is generally performed. Tr. 33-34. Indeed, the ALJ did not consult the *Dictionary of Occupational Titles* or obtain vocational

expert testimony regarding this issue. See Yarrito v. Astrue, 2010 WL 5348737, at *2 (C.D. Cal. Dec. 21, 2010) ("Information from the *DOT,* or the testimony of a vocational specialist, may be used to ascertain the demands of an occupation as ordinarily required by employers throughout the national economy at steps four and five of the sequential evaluation procedure."). Therefore, the ALJ was required to make sufficient findings regarding the manner in which plaintiff's past work as a chiropractic assistant was actually performed.

"Social Security Regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41." Pinto, 249 F.3d at 845. Here, the ALJ purportedly relied on plaintiff's vocational report and her own testimony regarding her duties as a chiropractic assistant. Tr. 33. Significantly, the ALJ admitted that plaintiff's vocational report indicated that "her chiropractic assistant job required her to sit for a total of seven hours… and perform fine and gross manipulation activities for a total of eight hours… each day… which at first blush, arguably appears to exceed the limitations described" in the ALJ's RFC assessment. Tr. 33, 194-95. Thus, as admitted by the ALJ, plaintiff's vocational report

8 – OPINION AND ORDER

establishes that plaintiff would be unable to perform her past relevant work as a chiropractic assistant as it was actually performed.

However, the ALJ found that plaintiff's description of the hours she spent "performing various activities" was "patently inaccurate" because she worked at the job for only eight hours per day. Tr. 33. The ALJ did not explain why her description of various job duties and the amount of time she performed them rendered her description inaccurate. Regardless, given the ALJ's rejection of plaintiff's vocational report, the ALJ was limited to plaintiff's testimony as the source of information used to define the duties of plaintiff's past work as it was actually performed.

Plaintiff's testimony did not sufficiently define the duties of her job as a chiropractic assistant. Plaintiff simply testified that, in addition to performing general office work, she performed one or two ultrasound treatments; kept "records, files, patient progress notes, and things of that kind"; utilized computer skills to perform her duties; and sometimes lifted objects weighing up to three pounds. Tr. 63-64. The ALJ did not clarify whether plaintiff's past work as a chiropractic assistant required no more than four hours of standing and/or walking and no more than four hours of sitting, as set forth in

the ALJ's RFC assessment. Similarly, the ALJ did not clarify whether plaintiff's past work required more than "frequent" handling or manipulating; a significant omission in light of plaintiff's limitations and the accepted job requirements of working on a computer and maintaining files and progress notes.

In sum, the ALJ failed to "make specific findings on the record at each phase of the step four analysis [to] provide[] for meaningful judicial review," Pinto, 249 F.3d at 847 (quoting Winfrey v. Chater, 92 F.3d 1017, 1025 (9th Cir. 1996)). Consequently, the ALJ's finding that plaintiff can perform her past relevant work as a chiropractic assistant is not supported by substantial evidence in the record. As noted by plaintiff, the ALJ did not elicit testimony from a vocational expert regarding the duties of a chiropractic assistant as it is generally performed. Therefore, the ALJ's step four finding cannot be upheld, regardless of plaintiff's non-exertional limitations.

Due to the error at step four, outstanding issues preclude the determination of disability and require remand for further proceedings. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). I further find that plaintiff's additional assignments of error raise outstanding issues, particularly in light of the

supplemental evidence submitted to the Appeals Council.

Plaintiff argues that the ALJ improperly assessed the medical opinions of examining and treating physicians. Specifically, plaintiff argues that Dr. Dossey's opinion, accepted by the ALJ, contained internal inconsistencies that were not resolved by the ALJ. In June 2012, Dr. Dossey, a neurologist, examined plaintiff at the request of the ALJ. Dr. Dossey conducted a sixty-minute examination that included some clinical testing. Tr. 728-33. Ultimately, Dr. Dossey found that plaintiff's "[m]aximum standing and walking capacity is two hours in an eight-hour workday," and that her "[m]aximum sitting capacity is four hours in an eight-hour workday." Tr. 732. However, in an accompanying assessment sheet, Dr. Dossey checked boxes indicating that plaintiff had the ability to sit for four hours, stand for four hours, and walk for four hours without interruption. Tr. 735. Dr. Dossey also checked boxes indicating that plaintiff could sit for four and six hours in a workday, and could stand and walk for two hours. Id. In response to interrogatories requesting additional information, Dr. Dossey stated that plaintiff could sit for a maximum of four hours and that plaintiff's condition would not require additional breaks in an eight-hour work day. Tr. 756.

The ALJ did not note or address the alleged

11 - OPINION AND ORDER

inconsistencies, instead finding that Dr. Dossey's evaluation supported his RFC finding that plaintiff could stand and walk cumulatively for a four-hour period and that she could sit for a four-hour period during an eight-hour workday. Tr. 28-30. On remand, the ALJ shall consider and resolve the inconsistencies identified by plaintiff in Dr. Dossey's evaluation and the accompanying assessment sheet.

Plaintiff also argues that the supplemental evidence submitted to the Appeals Council supports the opinions and statements of plaintiff's treating physicians, as well as her subjective complaints, and detracts from the findings of the ALJ.

In 2009, Dr. Moline opined that plaintiff could sit, stand, and walk, but she "cannot concentrate, she gets fatigued, she has had weight loss, and she is experiencing many of the symptoms of chemotherapy… At the present time she is disabled and I suspect will be permanently disabled." Tr. 417. In April 2012, Dr. Kohler asserted that plaintiff could sit, stand and walk for six hours during an eight-hour work day. Tr. 721. Dr. Kohler also found that plaintiff had impaired short term memory, could not complete detailed, complicated tasks, or fast-paced tasks. Tr. 720. Finally, Dr. Kohler opined that plaintiff's neuropathy stemmed from her chemotherapy and would likely

persist. Tr. 719. The ALJ generally gave "significant weight" to their opinions regarding plaintiff's physical limitations, but only to the extent consistent with the ALJ's RFC findings; the ALJ also rejected any finding of mental limitation. Tr. 29-30.

With respect to her subjective complaints, plaintiff generally complained of continuing neuropathy in her extremities and feelings of anxiety. Tr. 72-76, 83-84. Plaintiff further alleged that she could not walk for long without having pain and swelling, could not sit for more than a few hours, and was limited in her daily activities due to ongoing numbness and weakness in her arm and hand. Tr. 74, 81-84. Notably, plaintiff was diagnosed with lymphoma and received chemotherapy and other treatments, resulting in documented neuropathy and fatigue. E.g., Tr. 697-703, 719.

The supplemental evidence submitted by plaintiff arguably supports her allegations and the findings of her treating physicians. In particular, the 2012 records from a nurse practitioner reflect symptoms of depression, including thoughts of suicide expressed by plaintiff, as well as plaintiff's repeated complaints of swelling in her ankles and feet, and tingling and numbness in her hands. Tr. 757-817. Further, 2012 records from Dr. Kohler indicate continued cognitive issues and ongoing neuropathy. Tr. 818, 821. In September 2012, neurologist

13 - OPINION AND ORDER

Dr. Kevin Sullivan examined plaintiff and noted that she was "essentially areflexive except for a trace knee jerk on the right." Tr. 820. Dr. Sullivan opined that plaintiff likely suffered from "chemotherapy-induced polyneuropathy, primarily sensory, despite no significant changes being seen on electrodiagnostic studies. Medications are unlikely to alter this feeling of altered sensation in her extremities." Tr. 820. Ultimately, Dr. Sullivan stated that plaintiff's symptoms "significantly impact her ability to return to computer work." Tr. 820. Finally, the December 2012 treatment record provided by Dr. Dan Gleffe reflects plaintiff's complaints of numbness, weakness, and tingling in her hands and difficulty with tasks such as typing, buttoning her clothes, and using her fingers near the end of the day. Tr. 822-24. Dr. Gleffe also noted plaintiff's anxiety and depression, for which she was taking medication.

Accordingly, on remand the ALJ shall review and consider the supplemental medical evidence submitted to the Appeals Council, along with the other evidence of record, when assessing plaintiff's physical and mental limitations and determining her RFC. Further, in light of the possible symptoms and diagnosis of depression, the ALJ shall develop the record with regard to plaintiff's alleged mental impairments and limitations.

Finally, given the ALJ's heavy reliance on the objective medical evidence in assessing plaintiff's credibility - along with the questionable findings that plaintiff's daily activities and medical treatment contradict the severity of her complaints - the ALJ shall reassess plaintiff's credibility and the lay witness statement in light of the entire medical evidence, including the supplemental evidence submitted to the Appeals Council.

### Conclusion

The ALJ'S finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the Commissioner's decision is REVERSED AND REMANDED for further administrative proceedings as set forth above.

IT IS SO ORDERED.

Dated this 30 day of September, 2015.



_____
Thomas Coffin
United States Magistrate Judge

15 - OPINION AND ORDER